**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW HAMPSHIRE**

IN RE: CHRISTIANSEN

v. Civil No. 26-cv-00396-JL -TSM

ANDREW M. DUDLEY, TRUSTEE

**REPORT AND RECOMMENDATION**

On March 18, 2026, Paul Christiansen filed a petition for relief under Chapter 13 of the United States Bankruptcy Code, in the United States Bankruptcy Court for the District of New Hampshire. On April 21, 2026, the Bankruptcy Court dismissed the bankruptcy case due to Mr. Christiansen's failure "to comply with the [Bankruptcy] Court orders and notices directing that he comply with the [Local Bankruptcy Rules] and [Local Bankruptcy Forms] in filing and serving his Chapter 13 plan and motion to impose the automatic stay." In re: Paul Christiansen, No. 26-10238-KB, Bank. ECF No. 57 (citing Bank. ECF Nos. 28, 29, 34, 35, 48).[1] Mr. Christiansen moved to reinstate the bankruptcy case, arguing that he cured the deficiencies identified by the court in subsequent filings. Id. at ECF No. 57. The Bankruptcy Court denied the motion to reinstate the bankruptcy case and noted that it would "not entertain further efforts by [Mr. Christiansen] to reinstate the case." Id. On May 18, 2026, Mr. Christiansen filed a notice of appeal with this court, challenging, among other things, the Bankruptcy Court's dismissal of his case. Doc. No. 1.

Presently before the court is Mr. Christiansen's Emergency Motion to Stay Foreclosure (Doc. No. 5), wherein he asks the court to stay foreclosure proceedings regarding his residence at 249 Atlantic Ave., Wells, Maine (the "Property"). Although he does not provide the date of the

[1] The partial Bankruptcy record is Doc. No. 3 in this case; however, the court will refer to the Bankruptcy Court docket ("Bank. ECF No.__") for ease of reference.

pending foreclosure sale, Mr. Christiansen asserts that "[f]oreclosure is imminent," and absent a stay, he "will suffer irreparable harm, including the loss of his home." Doc. No. 5 at pg. 1. Also before the court is Mr. Christiansen's Motion for Expedited Consideration (Doc. No. 6), wherein he asks the court to expedite resolution of his motion to stay foreclosure.

Mr. Christiansen's Motion for Expedited Consideration (Doc. No. 6) is granted. However, for the reasons that follow, his Emergency Motion to Stay Foreclosure (Doc. No. 5) should be denied.

## DISCUSSION

Fed. R. Bankr. P. 8013 provides in relevant part:

> **(d) Emergency Motion.**
>
> (1) ***Noting the Emergency***. A movant who requests expedited action--because irreparable harm would occur during the time needed to consider a response--must insert "Emergency" before the motion's title.
>
> (2) ***Content***. An emergency motion must:
>
> (A) be accompanied by an affidavit setting forth the nature of the emergency;
>
> (B) state whether all grounds for it were previously submitted to the bankruptcy court and, if not, why the motion should not be remanded;
>
> (C) include:
>
> i. the email address, office address, and telephone number of the moving counsel; and
>
> ii. when known, the same information as in (i) for opposing counsel and any unrepresented party to the appeal; and
>
> (D) be served as Rule 8011 prescribes.

(3) ***Notifying Opposing Parties***. Before filing an emergency motion, the movant must make every practicable effort to notify opposing counsel and any unrepresented party in time for them to respond. The affidavit accompanying the motion must state:

(A) when and how notice was given; or

(B) why giving it was impracticable.

Fed. R. Bank. P. 8013(d).

Here, Mr. Christiansen has not complied with the procedures outlined in Rule 8013(d). For example, his motion omits an affidavit that sets forth the nature of the emergency. It also fails to state whether all grounds for relief were previously submitted to the Bankruptcy Court, and if they were not, why remand is not appropriate. Although documents filed by pro se litigants are "liberally construed," Erikson v. Pardus, 551 U.S. 89, 94 (2007) (quotation omitted), "pro se status does not insulate a party from complying with procedural and substantive law." Ahmed v. Rosenblatt, 118 F.3d 886, 890 (1st Cir. 1997). Mr. Christiansen's failure to adhere to the applicable procedural requirements warrants the denial of his motion.

Beyond his procedural deficiencies, Mr. Christiansen provides no factual or legal support for the relief he seeks. He also states that foreclosure is imminent but does not provide the actual date of foreclosure. See generally Doc. No. 5. Indeed, review of the Bankruptcy Court record demonstrates that foreclosure occurred on March 19, 2026, and that a stay would be futile. See Bank. ECF Nos. 29, 44.

On April 2, 2026, Mr. Christiansen filed an "Emergency Motion to Reimpose Automatic Stay Pursuant to 11 U.S.C. § 362 (c)(4)," wherein he asked the Bankruptcy Court to enter an order "[s]etting aside and voiding any foreclosure sale of the Property that occurred on or about March 19, 2026 . . . ." Bank. ECF No. 29 at pg. 2. In response to his motion, the secured creditor, Deutsche Bank Trust Company Americas, as Trustee for Residential Accredit Loans, Inc.,

confirmed that "a lawful foreclosure auction" of the Property occurred on March 19, 2026. Because the foreclosure sale already occurred, the request to stay foreclosure is moot, and Mr. Christiansen's motion should be denied. Further, because the Property already sold, Mr. Christiansen has not demonstrated any irreparable harm that will occur in the absence of a stay. Mr. Christiansen's failure to provide any substantive support for a stay warrants the denial of his motion as well.

## CONCLUSION

Accordingly, for the reasons stated herein, the district judge should deny Mr. Christiansen's Emergency Motion to Stay Foreclosure (Doc. No. 5). Any objections to this Report and Recommendation must be filed within fourteen days of receipt of notice. See Fed. R. Civ. P. 72(b)(2). The fourteen-day period may be extended upon motion. Failure to file specific written objections to the Report and Recommendation within the specified time waives the right to appeal the district court's order. See Santos-Santos v. Torres-Centeno, 842 F.3d 163, 168 (1st Cir. 2016). Only those issues raised in the written objections "'are subject to review in the district court,'" and any issues "'not preserved by such objection are precluded on appeal.'" Id. (citations omitted).

Talesha L. Saint-Marc
United States Magistrate Judge

July 29, 2026

CC: Paul Christiansen, pro se
Counsel of Record